# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| DUSTIN PATRICK CURTIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:18-CV-209 AGF |
| | ) | |
| TIMOTHY A. LOHMAR, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of plaintiff, Dustin Patrick Curtis, a prisoner, for leave to commence this action without payment of the required filing fee. The Court will grant the motion, and assess an initial partial filing fee of $40.00. *See* 28 U.S.C. § 1915(b)(1). Furthermore, based upon a review of the complaint, the Court will stay and administratively close this action pursuant to the Supreme Court case of *Wallace v. Kato*, 549 U.S. 384 (2007), based on the pendency of an underlying criminal case against plaintiff arising out of the same facts.

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28

U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

In support of the instant motion, plaintiff submitted an inmate account statement for the time period of January 21, 2018 through February 14, 2018, which is less than one month but was the entirety of his incarceration up to that point. The total deposit during this time was $400.00, but it is unlikely that this will be plaintiff's average monthly deposit over the course of six months. The court will assess an initial partial filing fee of $40.00, which is reasonable based on the information the Court has about plaintiff's finances. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997).

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. When reviewing a pro se complaint under § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980).

## Background

Plaintiff is a pretrial detainee at the St. Charles County Department of Corrections. He brings this action pursuant to 42 U.S.C. § 1983 asserting violations of his Fourth Amendment rights against illegal search and seizure. He also claims violations of his substantive and

procedural due process rights arising out of his investigation and arrest; and state law claims of conspiracy, breach of duty, and intentional infliction of emotional distress. His allegations are brought against the following defendants: Timothy A. Lohmar, Prosecuting Attorney, St. Charles County; Brittany Smith, Assistant Prosecuting Attorney, St. Charles County; Officer Guinnever, St. Charles County Sheriff's Office; Officer Zansavar, St. Charles County Sheriff's Office; Scott Lewis, Sheriff, St. Charles County; St. Charles County; and plaintiff's former fiancée.

Plaintiff's claims for relief stem from a series of altercations on January 21, 2018 between plaintiff and his former fiancée. Plaintiff alleges his fiancée lied to police to have plaintiff arrested and charged. Review of the State of Missouri's online docketing system shows that plaintiff is a defendant in a criminal case currently pending in the Circuit Court for St. Charles County, where he is facing charges of kidnapping, rape or attempted rape, domestic assault, and unlawful use of a weapon. *See State v. Dustin Patrick Curtis*, Case No. 1811-CR00257-01 (11th Jud. Cir. 2018).

Plaintiff brings this § 1983 action, alleging defendant Officers Guinnever and Zansavar violated his Fourth Amendment right to be free of an unreasonable seizure without probable cause. Plaintiff also asserts that prosecuting attorneys Timothy Lohmar and Brittany Smith conspired with the officers to violate plaintiff's rights; and defendants St. Charles County, Scott Lewis, and Timothy Lohmar allow officers to pursue domestic assault cases without probable cause and without physical evidence. For relief, plaintiff seeks an injunction and monetary relief.

**Discussion**

In *Wallace v. Kato,* the United States Supreme Court held that "the statute of limitations upon a § 1983 claim seeking damages for a false arrest in violation of the Fourth Amendment, where the arrest is followed by criminal proceedings, begins to run at the time the claimant is detained pursuant to legal process." *Wallace*, 549 U.S. at 397. The Court observed that "[f]alse arrest and false imprisonment overlap; the former is a species of the latter." *Id.* at 388. The Court instructed that where "a plaintiff files a false arrest claim before he has been convicted (or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended." *Id.* at 393-94. Otherwise, the court and the parties are left to "speculate about whether a prosecution will be brought, whether it will result in conviction, and whether the impending civil action will impugn that verdict, all this at a time when it can hardly be known what evidence the prosecution has in its possession." *Id.* at 393 (internal citation omitted).

Here, plaintiff does not specifically assert a claim for false arrest, but asserts § 1983 claims for illegal search and seizure, due process violations, and a state law claims of conspiracy, breach of duty, and intentional infliction of emotional distress. These claims relate to rulings that "will likely be made in a pending or anticipated criminal trial." *Id.* The principles of *Wallace v. Kato* dictate that further consideration of plaintiff's § 1983 claims should be stayed until the underlying criminal matter against plaintiff has been resolved through criminal proceedings. *See, e.g., Vonneedo v. Dennis*, No. 1:17-CV-183 NAB, 2017 WL 5904005, at *2 (E.D. Mo. Nov. 30, 2017) (staying § 1983 case alleging unconstitutional search and seizure

under principles articulated in *Wallace v. Kato*); *Anderson v. Robinson*, No. 4:12-CV-967 CAS, 2013 WL 4502598, at *1 (E.D. Mo. Aug. 22, 2013) (same).

Additionally, a stay or abstention until resolution of the criminal matter would be appropriate because a prisoner may not recover damages in a § 1983 suit where the judgment would necessarily imply the invalidity of his conviction, continued imprisonment or sentence unless the conviction or sentence is reversed, expunged or called into question by issuance of a writ of habeas corpus. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *Schafer v. Moore*, 46 F.3d 43, 45 (8th Cir. 1995); *see also Edwards v. Balisok*, 520 U.S. 641, 648 (1997) (applying rule in § 1983 suit seeking declaratory relief).

Finally, plaintiff has filed a motion for a preliminary injunction to "PROHIBIT[] Lohmar and Brittany from further prosecuting plaintiff in *State of Missouri v. Dustin Patrick Curtis*, Case No. 1811-CR00257." In *Younger v. Harris*, 401 U.S. 37, 46 (1971), the Supreme Court held that principles of equity, comity, and federalism dictate that federal courts should generally refrain from enjoining ongoing state criminal proceedings, absent extraordinary circumstances where the danger of irreparable injury to the federal plaintiff is both great and immediate. Here, the Court concludes that abstention is warranted under *Younger*. Plaintiff is part of an ongoing state judicial proceeding arising out of the same facts as this § 1983 case; plaintiff's allegations implicate important state interests; and an adequate opportunity exists in the state proceeding to raise constitutional challenges. Finding no "extraordinary circumstances" that would justify interfering with plaintiff's pending state judicial proceedings, the Court will deny plaintiff's motion for preliminary injunction. *See Younger*, 401 U.S. at 43-44.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis is **GRANTED**.   [ECF No. 3]

**IT IS FURTHER ORDERED** that the plaintiff must pay an initial filing fee of $40.00 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that all proceedings in this case are **STAYED** pending final disposition of the criminal charges pending against plaintiff in *State v. Dustin Patrick Curtis*, Case No. 1811-CR00257-01 (11th Jud. Cir. 2018), as well as any direct appeals and post-conviction proceedings.

**IT IS FURTHER ORDERED** that plaintiff shall notify the Court in writing concerning the final disposition of the criminal charges pending against him in *State v. Dustin Patrick Curtis*, Case No. 1811-CR00257-01 (11th Jud. Cir. 2018) as well as any direct appeals and post-conviction proceedings.

**IT IS FURTHER ORDERED** that this case is **ADMINISTRATIVELY CLOSED** pending final disposition of the criminal charges against plaintiff, and may be reopened by plaintiff's filing of a motion to reopen the case after such final disposition of all direct appeals and post-conviction proceedings.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel is **DENIED** at this time.   [ECF No. 2]

**IT IS FURTHER ORDERED** that plaintiff's motion for preliminary injunction is **DENIED**. [ECF No. 5]

Dated this 6th day of July, 2018.

_Audrey G. Fleissig_
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE